| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CABN 163973)<br>Chief, Criminal Division |
| 4 | KIRSTIN M. AULT  (CABN 206052)<br>Assistant United States Attorney |
| 5 | 450 Golden Gate Ave., Box 36055<br>San Francisco, California 94102 |
| 6 | Telephone:  (415) 436-6940<br>Facsimile: (415) 436-7234 |
| 7 | E-mail: kirstin.ault@usdoj.gov |
| 8 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>2008 INFINITI G37, VIN<br>JNKCV64E98M103041, et al.,<br><br>　　　　Defendants. | No. CV 09-1728 RMW<br><br>NOTICE OF RELATED CASES IN<br>CRIMINAL AND CIVIL ACTIONS |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT SMOLEY,<br><br>　　　　Defendant. | No.  CR 10-0619 JSW |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MELISSA PERKINS,<br><br>　　　　Defendant. | No.  CR 10-0620 WHA |

The United States now gives notice to the Clerk of the Court pursuant to Criminal Local Rule 8-1 that these cases are related. The United States believes that assignment of the criminal cases CR 10-0619 JSW and CR 10-0620 WHA to a single judge is likely to conserve judicial resources and promote an efficient determination of the action because the criminal cases involve the same course of conduct and underlying facts. The United States does not believe that assignment of the criminal cases to the judge currently presiding over the civil forfeiture action CV 09-1728 RWM will conserve judicial resources or promote an efficient determination of the action because the criminal cases are not properly venued in San Jose, where the civil action is currently pending; the criminal cases involve a considerably broader range of conduct than the civil forfeiture action; and the judge overseeing the civil forfeiture action has not expended substantial resources to date as that civil action has been stayed pending the filing of criminal charges.

**A.  Relation of Criminal Cases**

Under Northern District of California Local Rule 8-1, a criminal action is related to another pending criminal action when (1) both actions concern one or more of the same defendants and the same alleged events or occurrences, or (2) both actions appear likely to entail substantial duplication of labor if heard by different judges, or might create conflicts or unnecessary expenses if conducted before different judges. N.D. Cal. Crim. Local R. 8-1(b). Here, the cases meet both of these criteria.

Both cases involve the same course of conduct. In both cases, the defendants are charged with crimes related to their involvement with an illegal internet pharmacy operation run by defendant Smoley. Defendant Perkins was an employee of defendant Smoley and is charged with conduct related to her employment with defendant Smoley's illegal operation. As a result, adjudication of both cases will involve resolution of the same issue – whether defendant Smoley's internet pharmacy operation was illegal and whether defendant Perkins assisted defendant Smoley with laundering funds derived from his illegal business.

Although the cases could have been charged in a single document, they have been charged separately due to the manner in which the case has evolved - both defendants have

reached independent pre-indictment dispositions with the United States. Both defendants have indicated their intention to waive indictment and enter guilty pleas without contesting the charges in his or her respective information. However, because the resolutions are not dependent on one another, and either defendant could decide prior to entry of guilty plea that he or she has changed his or her mind, each information is filed separately so that the decisions of one defendant will not impact the other. Assigning the cases to a single judge will avoid the substantial duplication of labor that would occur if the matters were resolved before two different judges. *See* N.D. Cal. Crim. Local R. 8-1(b)(2). Were the cases to be heard in different courts, two separate judges would need to familiarize themselves with the facts and circumstances surrounding defendant Smoley's internet pharmacy operation. Such duplication of labor is neither necessary nor appropriate.

**B.     Relation to Civil Forfeiture Action is Not Appropriate**

A civil forfeiture action involving assets attributed to defendant Perkins is presently pending before the Honorable Judge Ronald M. Whyte in San Jose. CV 09-1728 RMW. That action has been stayed pending the filing of criminal charges that are now the subject of case CR 10-00620 WHA. The assets involved in the civil forfeiture action are also involved in the criminal case against Perkins. However, the United States does not believe that it is appropriate to relate these criminal cases to the civil matter presently pending before the Honorable Judge Whyte in San Jose. Most importantly, the criminal cases are properly venued in San Francisco. While the underlying conduct involves a conspiracy that reaches throughout the United States, agents in San Francisco conducted an undercover operation that is an important part of the evidence against the defendants in the two criminal matters. In addition, the criminal cases involve a considerably broader range of conduct than the actions underlying the civil forfeiture proceedings. While the civil proceedings involve limited assets of defendant Perkins, the criminal proceedings involve extensive criminal conduct conducted by defendant Smoley over a number of years in which defendant Perkins participated. The United States anticipates that an additional 10-12 defendants will be charged in matters involving the same course of conduct as defendant Smoley's interent pharmacy operations. Proceedings involving these defendants and

1 this more extensive criminal conduct are properly conducted in San Francisco. Moreover, the
2 civil forfeiture proceedings have been stayed pending the filing of criminal charges. Thus,
3 significant effort has not yet been expended regarding the civil matter, and there will not be a
4 needless duplication of effort if the criminal cases are not assigned to the same judge.

5     For the reasons stated above, the United States believes that assignment of the criminal
6 cases to a single judge in San Francisco will conserve judicial resources and promote an efficient
7 determination of the action. *See* N.D. Cal. Crim. Local R. 8-1 (c)(4). The United States does not
8 believe that the criminal cases are properly venued in San Jose, and does not believe that the
9 criminal cases should be related to the pending civil forfeiture action involving defendant
10 Perkins.

12 DATED: August 19, 2010         Respectfully submitted,

13                                     MELINDA HAAG
                                    United States Attorney

15                                     /s

16                                     KIRSTIN M. AULT
                                    Assistant United States Attorney