1 Christopher J. Cannon (CSBN 88034)
SUGARMAN & CANNON
2 44 Montgomery Street, Suite 2080
San Francisco, California 94104-6702
3 (415) 362-6252
Facsimile: (415) 477-9010
4
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>1997 LAMBORGHINI DIABLO, VIN ZA9RU37P6VLA12636, et al.,<br><br>Defendants. | No. CV 07-3120 RMW<br><br>**NOTICE OF RELATED CASES AND RESPONSE TO GOVERNMENT NOTICE OF RELATED CASES IN CRIMINAL AND CIVIL ACTIONS** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2008 INFINITI G37, VIN JNKCV64E98M103041, et al.,<br><br>Defendants. | No. CV 09-1728 RMW |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT SMOLEY,<br><br>Defendant. | No. CR 10-0619 JSW |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MELISSA PERKINS,<br><br>    Defendant. | No. CR 10-0620 WHA |

   Pursuant to Criminal Local Rule 8-1, undersigned counsel gives notice that the above-captioned cases are related. Counsel also responds to the notice of related cases filed by the government in three of the four above-captioned matters (case numbers CV 09-1728 RMW, CR 10-0619 JSW, and CR 10-0620 WHA).

   The above-captioned matters, along with the additional cases captioned *United States v. Russo, et al.*, CR 06-0748 RMW and *United States v. Real Property and Improvements Located at 205 SE Spanish Trail*, CV 07-3874 RMW, all stem from the same underlying investigation. The criminal cases allege that various individuals participated in the same network of illegal internet pharmacies, and the civil forfeiture actions all relate to assets purportedly purchased with proceeds from that illegal activity. Thus, as Judge Whyte has previously found in connection with *United States v. Russo, et al.*, CR 06-0748 RMW, *United States of America v. 1997 Lamborghini Diablo, VIN ZA9RU37P6VLA12636, et al.*, CV 07-3120 RMW, and *United States v. Real Property and Improvements Located at 205 SE Spanish Trail*, CV 07-3874 RMW, assignment to a single judge is most likely to conserve judicial resources and eliminate duplication of the Court's efforts. There is no reason to reconsider that decision now.

**I.  Relation of the Criminal and Civil Forfeiture Actions**

   The four cases captioned above and the two additional cases – *Russo* and *205 SE Spanish Trail* – all involve allegations that certain individuals were involved in illegal internet pharmacies. To undersigned counsel's knowledge, the earliest case filed in this district relating to these allegations was *United States v. Russo, et al.*, CR 06-0748 RMW. The *Russo* matter involved four defendants – Thomas Russo, Dennis Leborgne, David John, and John Tuite – who

**Notice of Related Cases**
*United States v. 1997 Lamborghini,* CV 07-3120 RMW  2

were charged with operating a business called United Care Pharmacy.  *See generally* Indictment (Docket No. 1 in CR 06-0748 RMW).  United Care Pharmacy ("UCP") was alleged to have filled or processed orders stemming from illegal online pharmacies.  *Russo* was assigned to Judge Ronald M. Whyte.

*United States of America v. 1997 Lamborghini Diablo*, CV 07-3120 RMW, was originally assigned to Judge Maxine M. Chesney.  Apparently on her own motion, Judge Chesney referred the matter to the Honorable Ronald M. Whyte for consideration of whether the case was related and on August 8, 2007, Judge Whyte found the matters to be related.  The *1997 Lamborghini* forfeiture case involves the seizure of a vehicle and other property allegedly purchased by Christopher Napoli with proceeds from illegal online pharmacies that used UCP to process their orders.  *See* Complaint, ¶ 30 (Docket CV 07-3120 RMW).

*United States v. Real Property and Improvements Located at 205 SE Spanish Trail*, CV 07-3874 RMW was also originally assigned to Judge Chesney but again was transferred to Judge Whyte because of its relation to *Russo*.  The *205 SE Spanish Trail* forfeiture case involved the seizure of a home and other property allegedly purchased by Michael Arnold with proceeds from illegal online pharmacies that used UCP to process their orders.  *See* Complaint, ¶ 29 (Docket CV 07-3874 RMW).

The next related case to be filed was *United States v. 2008 Infiniti G37*, CV 09-1728 RMW.  In *2008 Infiniti G37*, the government filed a notice of related case contending: "the above-captioned matters are related because they were born out of the same investigation which resulted in an indictment of defendants Andrew Thomas Russo, Dennis Leborgne, David John, and John F. Tuite involved in money laundering and conspiracy to distribute controlled substances."   The government also pointed out that the "cases may generate identical motions, evidentiary issue, and questions of law.  [And] [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.  Assignment to a single judge is likely to conserve judicial resources and promote an efficient determination of the action."  Notice of Related Case (Docket No. 8 in CV 09-1728 RMW).  As described in the complaint in that matter, the *2008 Infiniti G37* action

stemmed from the *Russo* investigation.  "Based on the information obtained from the United Care Pharmacy investigation, DEA agents identified Robert Smoley, . . . Melissa Ann PERKINS, . . . Brian Lloyd . . . and Dino Antonioni as partners in an additional illegal Internet pharmacy operation known as United Mail Pharmacy Services."  Complaint, ¶ 27 (Docket No. 1 in CV 09-1728 RMW); *see also id.* at ¶¶ 28-31 (alleging connections between UCP and the pharmacies purportedly operated by Smoley and Perkins).  In *2008 Infiniti G37*, the United States seeks forfeiture of certain assets allegedly purchased by Melissa Perkins with the proceeds of their illegal internet pharmacies.

Finally, the government filed the above-captioned criminal actions against Robert Smoley, CR 10-0619 JSW, and Melissa Perkins, CR 10-0620 WHA.  These cases also involve the same underlying conduct, that is, the operation of an allegedly illegal internet pharmacy.

Thus, under Local Rule 8-1(b), all these cases concern one or more of the same defendants and all concern the same alleged events or occurrences, namely the operation of the same network of illegal internet pharmacies.  All thus appear likely to entail substantial duplication of labor if heard by different judges, or might create conflicts or unnecessary expenses if conducted before different judges.

## II.     Response to Government Notice of Related Cases

On August 19, 2010, the United States filed a Notice of Related cases in three of the above-captioned matters, *2008 Infiniti G3*, *Smoley*, and *Perkins*.  That notice states that all of the cases are related and that the assignment of the *Smoley* and *Perkins* criminal cases to a single judge is likely to conserve judicial resources and promote an efficient determination of these actions.  Curiously, however, and inconsistently with the position it previously took in *2008 Infiniti G37*, the government goes on to contend the assignment of the new criminal cases involving Perkins and Smoley to Judge Ronald M. Whyte is inappropriate.  Apparently the government has changed its mind, however, and now seeks to keep the new *Smoley* and *Perkins* actions as well as anticipated actions involving an additional 10-12 defendants before a single judge in San Francisco.

**Notice of Related Cases**
*United States v. 1997 Lamborghini,* CV 07-3120 RMW   4

1       The stated reason for this request is the government's note that agents in San Francisco conducted an undercover operation. The government also recognizes, however, that the conspiracy reaches throughout the United States, making the location of one act hardly determinative. The government also notes that there has been little litigation in the *2008 Infiniti G37* forfeiture case. However, the government fails to mention that there already has been substantial effort expended on forfeitures in the *Russo* matter. Moreover, Judge Whyte has already presided over, or is currently presiding over, the criminal cases of *United States v. Russo*, *United States v. Leborgne*, *United States v. John*, and *United States v. Tuite*, and the related civil actions *United States v. 1997 Lamborghini Diablo, United States v. 205 SE Spanish Trail*, and *2008 Infiniti G37* which involve the same defendants as the new criminal information. Thus, Judge Whyte is familiar both with the underlying investigation in general and with the allegations against Smoley and Perkins in particular. As the government previously pointed out in *2008 Infiniti G37*, the "cases may generate identical motions, evidentiary issue, and questions of law. [And] [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Assignment to a single judge is likely to conserve judicial resources and promote an efficient determination of the action." Notice of Related Case (Docket No. 8 in CV 09-1728 RMW).

      There is no reason to reconsider the government's earlier claims that these matters are related and should be assigned to Judge Whyte, nor Judge Whyte's earlier finding that these matters are related and should be assigned to one judge.

      Based on the foregoing, the most efficient use of judicial resources would be to assign the new cases to Judge Whyte.

Dated: August 25, 2010                              Respectfully submitted,

                                                          /s/
                                       Christopher J. Cannon (CSBN 88034)
                                       SUGARMAN & CANNON
                                       Attorneys for Defendants